LAGOA, J.
The Appellant, Anthony Dorsett (“Dor-sett”), appeals from an order dismissing his petition for writ of habeas corpus. Because the petition for writ of habeas corpus was filed in the wrong court, we affirm without prejudice in order for Dorsett to refile the petition in the appropriate circuit court.
Dorsett was convicted and sentenced in Broward County on two counts of first degree murder, two counts of armed robbery, two counts of armed burglary, and two counts of armed kidnapping. He is currently serving a life sentence at a facility located in Miami-Dade County. In his petition for writ of habeas corpus, Dorsett challenges the sufficiency of the evidence presented at trial to support his conviction. When a petitioner attacks the legality of a conviction by raising issues relating to the trial, jurisdiction for habeas proceedings rests with the trial court that rendered the judgment of conviction and imposed sentence. See Young v. McNeil, 23 So.3d 1263, 1263 (Fla. 3d DCA 2009) (“[A] circuit court has no jurisdiction to review the legality of a conviction in another circuit....”); Calloway v. State, 699 So.2d 849, 850 (Fla. 3d DCA 1997); see also Nails v. State, 78 So.3d 13 (Fla. 3d DCA 2011).
Because the trial court in Miami-Dade County did not render the judgment of conviction and did not impose the sentence, we affirm the trial court’s dismissal *707 on the basis that the petition for writ of habeas corpus was filed in the wrong court. Our ruling is without prejudice to Dorsett to refile in the Seventeenth Judicial Circuit Court of Broward County.
AFFIRMED.